# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:26-CV-00506-KDB-WCM

| | |
|---|---|
| CHLOE MILLER, <br><br> **Plaintiff,** <br><br> **v.** <br><br> KEVIN MCCLANAHAN AND ALI NAJMI, <br><br> **Defendants.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). For the reasons discussed below, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint without prejudice after conducting that review.

## I.     Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In her IFP motion, Plaintiff states that she does not have cash or other assets sufficient to pay the costs of filing. *See* Doc. No. 2.

Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

1

**II.     Initial Review**

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The federal courts are courts of limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed. *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, whether the Court has jurisdiction over the subject matter of a case must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Hemphill v. Bernard*, No. 3:24-CV-00286-KDB-SCR, 2024 WL 3761274, at *1 (W.D.N.C. Aug. 12, 2024).

Unless a matter involves one of the few areas over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 ("federal question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different

States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction"). *See Piedmont Roofing Servs., LLC v. Universal Prop. & Cas. Ins. Co.*, No. 522CV00154KDBDSC, 2023 WL 196461, at *2 (W.D.N.C. Jan. 17, 2023).

Plaintiff's Complaint alleges only that Defendant McClanahan "engaged in widespread conspiracy" and Defendant Najmi "did not investigate the matter." She does not explain the specific nature of her claims or the alleged grounds for federal jurisdiction. Therefore, the Court cannot identify any basis for a claim sufficient to allow the Court to exercise jurisdiction. Therefore, the Court finds that Plaintiff's Complaint fails a frivolity review and must be dismissed without prejudice because the Court lacks jurisdiction to hear this action.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP motion (Doc. No. 2) is **GRANTED** for purposes of this Order**;**

2. Plaintiff's Complaint is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 26, 2026

Kenneth D. Bell
United States District Judge